**Humberto QUINONES, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Respondent–Appellee.**

No. 02–15825.

D.C. No. CV–99–00602–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Humberto Quinones, pro se, Imperial, CA, for Petitioner–Appellant.

Clifford E. Zall, AGCA–Office of the California Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

## MEMORANDUM**

California state prisoner Humberto Quinones appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his consecutive sentences, under California's three-strikes law, which total 75–years–to–life for two counts of possession of heroin for sale and one count of possession of a firearm by a felon. We review de novo a district court's decision to deny a state prisoner's petition for writ of habeas corpus, *see Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir.2003), and we affirm.

(1) Quinones argues that California's three-strikes sentencing scheme does not authorize the sentence of 25–years–to–life per count in a multiple count case. This claim, however, solely involves interpretation of state law and therefore is not within the purview of federal habeas relief. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994); *Hendricks v. Zenon,* 993 F.2d 664, 674 (9th Cir.1993).

(2) Quinones' claim that his sentence violates the Eighth Amendment because it is grossly disproportionate fails as well. *See Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of federal law); *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 1185–90, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence for grand theft did not violate the Eighth

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Amendment's bar against cruel and unusual punishment).

AFFIRMED.

